# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KATHARINE S. WRIGHT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-16-790-CG |
| ) | |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of the ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Plaintiff Katharine S. Wright brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying Plaintiff's applications for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f. The parties have consented to the jurisdiction of a United States Magistrate Judge. Doc. No. 13. The Commissioner has answered and filed the administrative record (Doc. No. 11, hereinafter "R.__").[1] The parties have briefed their positions and the case is now ready for decision. For the reasons set forth below, the Court reverses the Commissioner's decision and remands the case for further proceedings.

---

[1] With the exception of the administrative record, references to the parties' filings use the page numbers assigned by the Court's electronic filing system.

## PROCEDURAL HISTORY

Plaintiff protectively filed her applications for DIB and SSI on November 26, 2012, alleging a disability onset date of November 12, 2012. R. 192-204, 218-20. Following denial of her applications initially and on reconsideration, an Administrative Law Judge ("ALJ") held a hearing. R. 25-69, 70-132. The ALJ issued an unfavorable decision on November 10, 2014. R. 12-20. The SSA Appeals Council denied Plaintiff's request for review, making the ALJ's unfavorable decision the final decision of the Commissioner. R. 4-6; *see also* 20 C.F.R. §§ 404.981, 416.1481. Plaintiff then filed this action for judicial review.

## ADMINISTRATIVE DECISION

As relevant here, a person is "disabled" within the meaning of the Social Security Act if he or she is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Commissioner uses a five-step sequential evaluation process to determine entitlement to disability benefits. *See Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009); 20 C.F.R. §§ 404.1520, 416.920.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since November 12, 2012, the alleged onset date. R. 14. At step two, the ALJ determined that Plaintiff had the following severe impairments: degenerative disc disease; chronic low back pain; bipolar disorder; panic disorder with agoraphobia; and history of substance abuse. R. 14. At step three, the ALJ determined that Plaintiff's impairments did

not meet or equal any of the presumptively disabling impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 15-16.

The ALJ next assessed Plaintiff's residual functional capacity ("RFC") based on all of her medically determinable impairments. R. 16-18. The ALJ found that Plaintiff has the RFC to perform light work, except she must "adhere to short and simple instructions" and "work in relative isolation with no general public contact," and she "can work in proximity of others, but no teamwork activity." R. 16; *see* 20 C.F.R. §§ 404.1567(b) (defining "light" work), 416.967(b) (same). At step four, the ALJ found that Plaintiff was unable to perform any past relevant work and that transferability of job skills was not a material issue. R. 19.

At step five, the ALJ considered whether there are jobs existing in significant numbers in the national economy that Plaintiff—in view of her age, education, work experience, and RFC—could perform. Taking into consideration the hearing testimony of a vocational expert regarding the degree of erosion to the unskilled light occupational base that is caused by Plaintiff's additional limitations, the ALJ concluded that Plaintiff could perform occupations such as laundry worker, mail sorter, and production-line solderer, all of which offer jobs that exist in significant numbers in the national economy. R. 19-20. On this basis, the ALJ concluded that Plaintiff had not been under a disability, as defined in the Social Security Act, from November 12, 2012, through the date of the decision. R. 20.

STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is limited to determining whether factual findings are supported by substantial evidence in the record as a whole and

3

whether correct legal standards were applied. *Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (internal quotation marks omitted). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004) (internal quotation marks omitted). The court "meticulously examine[s] the record as a whole," including any evidence "that may undercut or detract from the ALJ's findings," "to determine if the substantiality test has been met." *Wall*, 561 F.3d at 1052 (internal quotation marks omitted). While a reviewing court considers whether the Commissioner followed applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008).

## ISSUES ON APPEAL

Plaintiff contends that the ALJ failed to perform a function-by-function assessment and to fulfill his duty to develop the record. Plaintiff further argues that Plaintiff's mental RFC is not supported by substantial evidence because the ALJ failed to adequately consider third party statements, GAF scores, and medical opinions, and because the ALJ failed to properly assess Plaintiff's credibility. Pl.'s Br. (Doc. No. 16) at 6-16. The Court finds that remand is required because the ALJ failed to fulfill his duty to develop the record. Because this issue alone warrants remand, the Court need not address Plaintiff's other claims of

error as they may be affected by the proceedings following remand. *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).

ANALYSIS

Plaintiff argues that because the ALJ did not issue a subpoena for Plaintiff's mental health records, the ALJ failed to fulfill his duty to develop the record regarding Plaintiff's mental health treatment. Pl.'s Br. at 10-11. The Court agrees.

On June 23, 2011, Plaintiff reported that she had been "under the care of Dr. Maria Kane, psychiatrist, for the past seven years secondary to anxiety." R. 306; *see also* R. 17 (ALJ noting that Plaintiff reported "continu[ing] outpatient treatment with a psychiatrist"). On May 19, 2014, Plaintiff's counsel sent a written request to the ALJ explaining that he had submitted "at least four (4) request[s] for medical records" pertaining to that psychiatric treatment. R. 288. Plaintiff's counsel specified that he had sought treatment records from Plaintiff's initial treating physician, Dr. Prater, and from Dr. Kane, who took over Dr. Prater's practice, but he had been unable to obtain them. *See id.* Counsel then requested that the ALJ issue a subpoena for all records of treatment with Dr. Kane and Dr. Prater or, in the alternative, subpoena Dr. Kane to attend the hearing. *See id.* The record reflects that on May 29, 2014, the SSA sent a request to Dr. Kane asking that she "[p]lease provide" Plaintiff's medical records "within the next ten days." R. 479. The record does not indicate that the ALJ issued a subpoena or that Dr. Kane responded to the SSA's request.

On June 20, 2014, Plaintiff's counsel sent a second request to the ALJ, specifying that the records sought "are the records of [Plaintiff's] ongoing mental health treatment for

5

the past eight (8) years," and again asking the ALJ to subpoena the records or subpoena Dr. Kane to appear at the hearing. R. 289. The record does not indicate that the ALJ took further action.

At the hearing on July 15, 2014, Plaintiff testified that she had been working with a physician for mental health issues for almost ten years, explaining that she first saw Dr. Larry Prater and then—when Dr. Prater closed his practice—saw Dr. Kane, whom she continued to see once a month for the past eight years. R. 37. Plaintiff also testified that she had requested her records from Dr. Kane multiple times but had not received them. R. 67. Finally, Plaintiff informed the ALJ that she had recently changed doctors and was continuing her mental health treatment with the new doctor. R. 67-68.

Prior to the conclusion of the hearing, Plaintiff's counsel again raised the issue of the missing mental health treatment records, noting that the SSA had sent a request to Dr. Kane and asking if the ALJ had received a response:

> ALJ: I'm -- I don't know. I'll check the record.
> ATTY: Okay, because --
> ALJ: And that's Dr. Kane, one of the treating doctors?
> ATTY: Maria Kane, yeah, she's treated with for eight years, psychiatrist.
> ALJ: All right. I'll check with my office to see if anything --
>  . . . .
> ALJ: To see if anything's in. As of a couple of days ago, there was not. And that's Cane, C-A-N-E?
> ATTY: K-A-N-E.
> ALJ: K-A-N-E? Okay, I'll check that out.

R. 67.

Thus, the ALJ was aware that Plaintiff reported receiving ongoing mental health treatment from a medical doctor for the past ten years and that Plaintiff and her counsel

had been unable to obtain records of that treatment. Additionally, Plaintiff's counsel had submitted two written requests for the ALJ to issue a subpoena to obtain the missing records. There is no indication that the ALJ ever issued any subpoenas, and the record does not contain any records from Dr. Kane or Dr. Prater.

In his decision, however, the ALJ cited a lack of mental health records as his reason for determining that Plaintiff's, Plaintiff's brother's, and Plaintiff's sister's allegations regarding Plaintiff's mental limitations were not credible:

- "In terms of [Plaintiff's] alleged mental limitations[,] the medical evidence of record does not support [her] allegations . . . . The medical records support that [Plaintiff] has had brief inpatient treatment for her mental impairments, but she does not receive outpatient psychiatric treatment on a regular basis. This diminishes the credibility of [Plaintiff's] allegations." R. 17.

- "[T]here is no medical evidence in the record to support [Plaintiff] acting [as her brother testified] on a regular basis, as she has not sought outpatient treatment during the relevant period." R. 18.

- "The medical evidence of record does not support the significant limitations asserted by [Plaintiff's sister] due to [Plaintiff's] mental limitations as she is not getting regular treatment." R. 18.[2]

---

[2] The lack of clarity on this point is seen in the ALJ's statements that Plaintiff "reported . . . she did continue outpatient treatment with a psychiatrist" and that Plaintiff "denied any history of participation in outpatient counseling." R. 17.

The SSA expressly requires the ALJ to "make every reasonable effort to ensure that the file contains sufficient evidence to assess RFC." SSR 96-8p, 1996 WL 374184, at *5 (July 2, 1996). The ALJ must develop the record for "at least" the twelve months preceding the application date. 42 U.S.C. § 423(d)(5)(B); 20 C.F.R. §§ 404.1512(b), 416.912(b). And because a disability hearing is nonadversarial, an ALJ is obligated to develop the record even where a claimant is represented by counsel. *Thompson v. Sullivan*, 987 F.2d 1482, 1492 (10th Cir. 1993); *see also Wall*, 561 F.3d at 1062-63 ("[A]dministrative disability hearings are nonadversarial and the ALJ has a duty to ensure that an adequate record is developed during the disability hearing consistent with the issues raised." (omission and internal quotations marks omitted)). Specifically, "[a]n ALJ has the duty to develop the record by obtaining pertinent, available medical records which come to his attention during the course of the hearing." *Carter v. Chater*, 73 F.3d 1019, 1022 (10th Cir. 1996); *accord Baker v. Bowen*, 886 F.2d 289, 291-92 (10th Cir. 1989); *see also Maes v. Astrue*, 522 F.3d 1093, 1097 (10th Cir. 2008) ("[W]hen the ALJ considers an issue that is apparent from the record, he has a duty of inquiry and factual development with respect to that issue.").

Here, though the SSA did request Dr. Kane's treatment records, it does not appear that the ALJ took any additional steps to assist with that request or to obtain those records when the request was not fulfilled. The ALJ has the authority to issue a subpoena to obtain such records if necessary, yet, despite two written requests from Plaintiff's counsel, the ALJ did not do so. *See* 20 C.F.R. §§ 404.950(d), 416.1450(d); *Baker*, 886 F.2d at 292; R. 288, 289. It was error for the ALJ to fail to attempt to subpoena mental health records from

Plaintiff's treating psychiatrist after the ALJ was informed the records existed, Plaintiff's counsel twice requested that the ALJ issue a subpoena for the records, and the ALJ relied upon the lack of mental health records in finding Plaintiff was not disabled. *See Baker*, 886 F.2d at 292 ("[T]he Secretary failed in his important burden of fully and fairly developing the record by neglecting to obtain new x-rays . . . and the notes, laboratory results, and other records of [the claimant's] treating physician. Moreover, his reliance on the dearth of objective medical evidence to support the denial of benefits was, under these circumstances, erroneous."); *Wagner v. Berryhill*, No. 16-2347-SAC, 2017 WL 2536403, at *5 (D. Kan. June 12, 2017) (finding ALJ erred in failing to subpoena records after plaintiff's counsel requested assistance obtaining them and ALJ relied on the absence of such records in her decision); *see also Maes*, 522 F.3d at 1097-98 (holding that ALJ had a duty to seek additional treatment records to supplement or clarify the record when the ALJ relied on a lack of evidence regarding mental-health diagnosis and treatment when determining that plaintiff was not disabled); *Madrid v. Barnhart*, 447 F.3d 788, 790-91 (10th Cir. 2006) (finding that ALJ committed legal error by not requesting test results for unrepresented plaintiff when ALJ was aware test had been performed but ALJ relied on lack of test results in the record when finding that plaintiff was not disabled); *Carter*, 73 F.3d at 1022 (remanding for the ALJ to further develop the record regarding plaintiff's depression when ALJ's only stated reason for discounting plaintiff's claim of depression was that the lack of medical tests in the record). Remand is required so that the ALJ may fulfill his duty to obtain pertinent, available medical records that have come to his attention.

## CONCLUSION

Based on the foregoing analysis, the decision of the Commissioner is reversed and the case remanded for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g). Judgment will issue accordingly.

ENTERED this 8th day of September, 2017.

CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE